# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40677

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2014

Lyle W. Cayce
Clerk

PATRICK JAMES HOWARD,

Plaintiff-Appellant

v.

A. DAVIS, Subordinate,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CV-913

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Patrick James Howard, Texas prisoner # 1527296, moves in this court for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal with prejudice of his civil rights complaint filed under 42 U.S.C. § 1983. By moving to proceed IFP, Howard is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40677

Other than a single-sentence, conclusional assertion that he did exhaust his administrative remedies against Andrew Davis for excessive use of force, Howard does not acknowledge or address the basis for the dismissal of any of the claims alleged in his complaint.  Even pro se litigants must brief arguments in order to preserve them.  Y*ohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Howard has thus waived any challenge to the dismissal of his claims by failing to brief the reasons given for the dismissal.  *See id.*; *see also Brinkmann v. Dallas Cnty.  Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (stating that failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment).

Howard has failed to show that his appeal involves "legal points arguable on their merits."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Accordingly, his IFP motion and his motion for the appointment of counsel are DENIED.  Howard's appeal is frivolous and is therefore DISMISSED.  *See id.* at 219-20; 5TH CIR. R. 42.2.  The dismissal of Howard's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Howard is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION and MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.